WILLIAMS v. WUPPERMANN et al.

(Supreme Court, Appellate Division, First Department.   March 3, 1916.)

PARTNERSHIP ⚚217—AUTHORITY OF PARTNER—NOTES—BUSINESS PARTNER-
SHIP—PRESUMPTION.

While in the case of a business partnership it is presumed that a note
signed by a member of the firm in the firm name was made in the partner-
ship business, this may be rebutted by showing that the partnership was
not such a one as called for the borrowing of money, or that the money
borrowed was for another purpose than that of the partnership to the
knowledge of the lender.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 419–425;
Dec. Dig. ⚚217.]

Appeal from Trial Term, New York County.

Action by Christopher L. Williams, receiver of the First National
Bank of Bayonne, against Adolph E. Wuppermann, impleaded with
Alfred J. Moisant and Drurie S. Sanford, on notes and drafts claimed
by plaintiff to have been made or indorsed by defendants, composing
the firm of A. E. Wuppermann & Co., and discounted by said bank.
From a judgment for plaintiff for $22,673.78, and an order denying
a motion for new trial, defendants Moisant and Sanford appeal.   Re-
versed, and new trial ordered.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING,
SMITH, and DAVIS, JJ.

W. K. Van Meter, of New York City, for appellant Moisant.
Hampton D. Ewing, of New York City, for appellant Sanford.
Stuart G. Gibboney, of New York City, for respondent.

SMITH, J.   This case is defended by Moisant and Sanford upon
the ground that the notes upon which they have been held liable were
not made in the business of the copartnership, to the knowledge of
the bank of which the plaintiff is receiver.   These defendants also de-
fended upon the ground that they were at no time members of the
copartnership of A. E. Wuppermann & Co., who were the signers of
some of the notes and the indorsers of others upon which this lia-
bility has been predicated.   Upon that question the court properly
found a copartnership to exist.   The court, however, refused to allow
the defendants to show the nature of that copartnership, and to show
that the funds advanced by the Bayonne Bank upon the notes of the
partnership were not used for any of the purposes of the partnership,
but were used, in part at least, in a matter foreign to the business of
the partnership, and in which the president of the bank himself was
interested.

In a business partnership it is presumed that a note signed by a
member of the firm in the firm name was made in the partnership busi-
ness.   This presumption may be rebutted, however, by showing that
the partnership was not such a partnership as called for the borrow-
ing of money, or it may be rebutted by showing that the moneys bor-
rowed were for another purpose than that of the partnership to the

knowledge of the bank loaning the same. Any other rule of law would enable one member of a partnership to subject the other members thereof to large liabilities for moneys borrowed, even to a corporation which had knowledge of the fact that the moneys were not borrowed in good faith for the purposes of the partnership.

Evidence as to the nature of this partnership and the purposes for which the money was borrowed, and the knowledge of the president of the Bayonne Bank, was sought to be brought out by a cross-examination of the witness Wuppermann, who was a member of the firm. The questions asked by which it was sought to prove these facts were not as direct and to the point as to best indicate the purpose of the examination; but they were sufficient, I think, to indicate to the court the general purpose which the defendants' counsel had in mind to show that the moneys were not borrowed for the purposes of the partnership to the knowledge of the president of the bank. They were sufficient, especially in view of the ruling of the court prior to the asking of such questions, to the effect that it held a general partnership to exist, and that it would not permit in an action brought by the bank or the receiver of the bank upon negotiable instruments, to go into the intimate relations between the partners. It is not necessary here to designate each question and discuss its relevancy to the purpose for which the question might legally be asked. The exclusion of the evidence sought to be introduced, to which exception was duly taken, constituted material error as against the defendants.

The judgment and order appealed from should therefore be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.